## Bolig's Case.

*Lunacy—Weak-minded person—Evidence—Wheedling money out of old woman.*

A guardian will not be appointed for an old woman on the ground that she is weak-minded, where she is normal in every respect excepting infirmities incident to her advanced age. The fact that she permits two men to live in her house and off of her, one of whom is her grandson, who wheedles money out of her, and the other is not related, is not in itself sufficient to justify the appointment of a guardian.

Petition for the appointment of a guardian for a woman alleged to be weak-minded. C. P. Snyder Co., June T., 1922.

*J. G. Weiser,* for petitioner; *A. F. Gilbert,* for respondent.

POTTER, P. J., May 11, 1922.—This is a petition on the part of Hannah Snyder and Susie E. Cosgrove, daughters of Rebecca Bolig, to the end that their mother may be declared a person of weak mind, and that a guardian may be appointed to care for her estate.

The case was heard in open court on Tuesday, April 25th, before the three judges. Evidence was produced on the part of the petitioners and on the part of one Samuel Shambach, a grandson, who resisted the proceedings.

The evidence on the part of the petitioners was in substance as follows: That Rebecca Bolig is a woman ninety years old; that she resides in Centreville, Snyder County, Pennsylvania; that she is the owner of a town house and lot worth $600 or $700; that she has household furniture of the probable value of $100; that she draws a widow's pension of $30 a month; that one Robert Erdley looks after her pension for her, and she gets her pension money from him; that Samuel Shambach and one Keister live with her, Shambach being about twenty-one years old and Keister being in the neighborhood of forty years of age; that Shambach is her grandson, but Keister is no relative; that these two men have been making their home with her and her husband, who is dead, Shambach from infancy and Keister for many years; that Rebecca Bolig converses intelligently, knows the days of the week, the hours of the clock, can count money and knows the value of different denominations, and apparently is well and does her own housework the most of the time.

The proof on the part of the respondent went to prove that she is not weak-minded, that she does her own business successfully and can look after her own affairs, and that she is normal in every respect, excepting the infirmities incident to her advanced age. This was proven by four neighbors, who are disinterested.

There was proof offered showing, or tending to show, that Shambach, although well and healthy, was getting money from Rebecca Bolig by threats and persuasion. We are inclined to, at least in part, believe this testimony; but unless this old lady is proven to the satisfaction of the court to be weak-minded, so weak-minded that she is liable to become the victim of designing persons and dissipate her property, we are powerless to take any steps in the matter.

One of the safeguards of American citizenship is the disposition of one's property as the owner may see fit, and unless some disability on the part of the owner of the property is satisfactorily shown, he or she may dispose of property in any way seen fit so to do.

We do not think the evidence in this case, as presented to the court, shows such a weakness in mind as would justify the appointment of a guardian,

although we feel very much like so doing, had we the evidence before us to justify such action.

We feel like saying, however, that if any further complaints are made on the part of any one respecting the wheedling of money out of this old lady by Shambach or any other person, we will feel like stretching a point of law in order to protect her. These two able-bodied men should go to work and support her, not she to support them.

This case is an exact counterpart of the Gift case, decided in this court over ten years ago.

And now, to wit, May 11, 1922, for the reasons given in this opinion, the petition is dismissed, with full liberty to again petition the court if the present state of affairs continues.

From Charles P. Ulrich, Selins Grove, Pa.